IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA A. SCHAAF,

                Petitioner,                OPINION AND ORDER

v.

                                            16-cv-735-wmc
                                            12-cr-18-wmc

UNITED STATES OF AMERICA,

                Respondent.

---

Joshua A. Schaaf filed a motion seeking relief under 28 U.S.C. § 2255,[1] arguing that he is entitled to a reduction in his guidelines sentence under the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the vagueness of the "residual clause" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violated the due process clause of the Fifth Amendment. The court stayed this case pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). After the Court concluded in *Beckles* that the *Johnson* decision did not invalidate the advisory guidelines' residual clause, however, the government requested that the court reopen this matter and dismiss it on the merits. (Dkt. #4.) Schaaf has not objected to the government's request that it be dismissed on the merits.

---

[1] This was petitioner's first motion for post-conviction relief, so he did not need the permission of a panel of the Court of Appeals for the Seventh Circuit to proceed. 28 U.S.C. § 2255(h).

1

OPINION

Schaaf pled guilty to possessing a firearm following a previous felony conviction, in violation of 18 U.S.C. § 922(g)(1). He was sentenced in July 2012 to a guidelines sentence of 78 months in prison, to be followed by three years of supervised release. Under the advisory sentencing guidelines, USSG § 2K2.1(a)(4)(A), Schaaf's base offense level had been increased to 20 because it was determined that he possessed the firearm after sustaining a felony conviction for a crime of violence, in violation of Wis. Stat. § 346.04(3).

In *Beckles*, the Supreme Court held that sentences based on advisory guidelines were not subject to challenges under *Johnson*. More specifically, the Court held that the sentencing guidelines are not amenable to vagueness challenges because, unlike the *statute* at issue in *Johnson*, the advisory guidelines "do not fix the permissible range of sentences," but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. at 894. Therefore, *Beckles* eliminates Schaaf's argument that he is entitled to relief under *Johnson*.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). As Schaaf appears to have conceded that his claim fails, he cannot make a substantial showing of a denial of a constitutional right and so no certificate will issue.

ORDER

IT IS ORDERED that:

(1) Petitioner's motion for post-conviction relief under 28 U.S.C. § 2255 is DENIED.

(2) No certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 30th day of October, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge